IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 16-CV-1703-MSK-MEH

**ESTATE OF JOSEPH VALVERDE,**
    by and through **ISABEL PADILLA**, as personal representative,

    Plaintiff,

*v.*

**JUSTIN DODGE,**

    Defendant.

---

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment (**# 91**), the Plaintiff's Response (**# 98**), and the Defendant's Reply (**# 106**); and the Defendant's Motion to Strike (**# 105**), the Plaintiff's Response (**# 107**), and the Defendant's Reply (**# 111**). For the following reasons, the Motion for Summary Judgment is denied and the Motion to Strike is denied as moot.

### I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1331.

### II. BACKGROUND

The facts[1] in this matter can be briefly summarized. In July 2014, the Denver Police Department performed an undercover drug operation in which officers arrested Joseph Valverde after an undercover officer sold him cocaine. Once the sale was complete, seven SWAT officers

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to the Plaintiff, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

1

surrounded Mr. Valverde.  Mr. Valverde pulled a firearm from his waistband, but then dropped it and raised empty hands near his head.  The parties' versions of what happened at this point differ.  The Plaintiff claims that after the Mr. Valverde dropped the firearm to the ground, Defendant Officer Justin Dodge shot Mr. Valverde multiple times, killing him.  Officer Dodge says he saw Mr. Valverde raise and point his firearm which prompted him to fire his weapon.  An aerial video has been submitted as part of the record, but the parties disagree as to what it shows.

The Plaintiff brought this suit in July 2016.  Following the stipulated dismissal of claims against the City and County of Denver (**# 90**), only one claim remains — that Officer Dodge used excessive force in violation of Mr. Valverde's Fourth Amendment rights.  Officer Dodge moves for summary judgment on that claim (**# 91**) and seeks to strike portions of the video evidence (**# 105**).

### III.  LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for

2

either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.  The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.  If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV.  DISCUSSION

As he did at the dismissal stage, Office Dodge seeks to dismiss the claim against him by application of the doctrine of qualified immunity.  Qualified immunity protects individual state actors from civil liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Messerschmidt v.*

*Millender*, 565 U.S. 535, 546 (2012). Because of the underlying purposes of qualified immunity, the Court treats qualified-immunity questions differently from other questions on summary judgment. *See Thomas v. Durastanti*, 607 F.3d 655, 662 (10th Cir. 2010). After a defendant asserts qualified immunity, the burden shifts to the plaintiff, who must: (1) show facts that "make out a violation of a constitutional right," and (2) establish that, at the time of the conduct at issue, it was clearly established under existing law that the defendant's conduct breached the constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may address these questions in whichever order is best suited to the case. If the plaintiff fails to satisfy either prong of this inquiry, the Court "must grant the defendant qualified immunity." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). However, if the plaintiff establishes the violation of a clearly established right, it becomes the defendant's burden to prove is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

For all practical purposes, the question of whether the evidence shows violation of a constitutional right is indistinguishable from the inquiry that the Court would make in determining whether the Plaintiff has come forward with sufficient evidence to establish a *prima facie* claim in accordance with Rule 56. The plaintiff must show sufficient evidence to demonstrate the existence of a cognizable claim. The Court considers the evidence in the light most favorable to the plaintiff and assesses whether it is sufficient to demonstrate the violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The "clearly established" inquiry focuses on whether the contours of the constitutional right were so well-settled in the context of the particular circumstances, that a "reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*,

132 S. Ct. 2088, 2093 (2012). To satisfy this prong, the burden is on the plaintiff to point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012); *see also Thomas*, 607 F.3d at 669 (plaintiff bears the burden of citing to requisite authority). It is not necessary for the plaintiff to point to a case with identical facts, but he must identify some authority that considers the issue "not as a broad general proposition," but in a "particularized" sense — for example, it is not sufficient to ask whether it is "clearly established" that the Fourth Amendment prohibits the use of excessive force in effecting an arrest; rather, the court examines whether that constitutional principle has previously been found to prohibit particular conduct. *See, e.g.*, *Brosseau v. Haugen*, 543 U.S. 194, 198–200 (2004).

With these considerations in mind, the Court turns to the Plaintiff's claim that Officer Dodge employed excessive force when apprehending Mr. Valverde. The Court begins with a determination of whether evidence sufficient to establish a *prima facie* claim has been shown.

**A. Constitutional Violation**

The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. That protection precludes police officers from using an excessive amount of force in apprehending a suspect. *Graham v. Connor*, 490 U.S. 386, 395 (1999). The sole question is whether the amount of force used by police was "objectively reasonable" under all the circumstances. *Id*. at 396. The Court does not inquire into the subjective intent or motivation of the officer in administering the force, and it examines the apparent need for the use of force based on the circumstances as they appeared to officers on the scene, not through a *post*

5

*hoc* review of the situation in hindsight. *Id*. at 396–97; *Jiron v. City of Lakewood*, 392 F.3d 410, 414–15, 418 (10th Cir. 2004).

Among the factors that the Court considers in determining the whether the use of force was reasonable are: (1) the severity of the crime for which the arrest is being made, (2) whether the suspect poses and immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting. *Graham*, 490 U.S. at 396; *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012). Even more factors exist to determine the degree of threat posed to officers when force was used: "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008).

In this case, there are multiple factual disputes. Officer Dodge cites evidence showing that he gave Mr. Valverde an order to show his hands, but instead of complying with this order, Mr. Valverde backed away and pointed a gun at him, which is when he fired five shots, killing Mr. Valverde. The Plaintiff points to evidence that Mr. Valverde complied with the order to put his hands up, did not back away from Officer Dodge, and had already discarded his firearm before Officer Dodge fired the shots. Both parties point to audio and video footage of the event as supportive of their account of the events. The video, however, only offers only an aerial perspective of what happened.

Given the varying interpretations of the video evidence, it is does not resolve the factual dispute between the parties. The Court does not act as a fact-finder on a motion for summary judgment. Instead, with regard to disputed facts, the Court must construe the evidence most

favorably to the non-moving party, here the Plaintiff.  And as stated, the Plaintiff points to evidence that Mr. Valverde discarded his firearm and complied, or at least was in the process of complying, with the order to put his hands up before Officer Dodge shot him.  If a jury were to find these facts to be true, they would be sufficient to show that the force used by Officer Dodge was excessive.  Thus, the Plaintiff has made a *prima facie* showing of a constitutional violation.

Because the Court makes no determination of the facts, the Motion to Strike portions of the video evidence is denied as moot.  Questions of admissibility of the video evidence and any modified versions thereof may be revisited before trial in a motion in *limine*.

## B. Clearly Established Law

Mindful that the law must be clearly established in a *particularized* sense, *see Toler v. Troutt*, 631 F. App'x 545, 547 (10th Cir. 2015), the Court looks to the specific conduct for which the Plaintiff has established a *prima facie* claim.  When viewed in the light most favorable to the Plaintiff, Mr. Valverde discarded his weapon and was in the process of surrendering when Officer Dodge shot him five times.  The particularized question is thus whether it is reasonable to deploy deadly force against an armed suspect displaying signs of surrender or in the process of surrendering.  The Plaintiff proffers a collection of cases that indicates it was unreasonable to do so under the weight of authority from the courts of appeals.

Although the Plaintiff has proffered no Tenth Circuit authority specifically addressing this factual scenario, the court has adopted the Sixth Circuit's rule that "there undoubtedly is a clearly established legal norm precluding the use of violent physical force against a criminal suspect or detainee who already has been subdued and does not present a danger to himself or others." *Estate of Booker v. Gomez*, 745 F.3d 405, 428 (10th Cir. 2014) (quoting *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009).  In addition, many other courts have addressed

7

this issue. *See Perez v. Susczynski*, 809 F.3d 1213, 1220 (11th Cir. 2016) (officer not entitled to qualified immunity with armed suspect because the mere presence of a gun was not enough create a reasonable threat); *Cooper v. Sheehan*, 735 F.3d 153, 159 (4th Cir. 2013) (officer not entitled to qualified immunity where the plaintiff, shot while standing still in the doorway of his home, was holding a shotgun with the muzzle pointed at the ground, made no sudden moves, made no threats, and ignored no commands); *Hemphill v. Schott*, 141 F.3d 412 (2d Cir. 1998) (factual dispute precluded qualified immunity where accounts differed as to whether the suspect was surrendering or furtively reaching into his pocket when deadly force was used); *Hopkins v. Andaya*, 958 F.2d 881, 886–87 (9th Cir. 1992) (officer not entitled to qualified immunity where suspect had attacked him with a club but later approached the officer unarmed); *Curnow v. Ridgecrest*, 952 F.2d 321, 325 (9th Cir. 1991) (officer not entitled to qualified immunity where, in the plaintiff's version of facts, the armed suspect did not point the gun at officers and was facing away when he was shot the first time); *Brandenburg v. Cureton*, 882 F.2d 211, 213, 215–16 (6th Cir. 1989) (factual dispute precluded qualified immunity where, in the plaintiff's version of facts, the suspect was shot by a police officer while picking up a weapon he had fired before putting it on the ground).[2]

For the foregoing reasons, the Court finds that a *prima facie* showing of a constitutional violation has been made and that based on such facts, the law was clearly established. Under these circumstances, Officer Dodge is not entitled to qualified immunity.

---

[2] There are also unpublished cases with similar circumstances. *See Jamison v. Metz*, 541 F. App'x 15, 20 (2d Cir. 2013) (reversing grant of qualified immunity because it was objectively unreasonable to fire on a suspect who was trying to surrender); *Bennett ex rel. Estate of Bennett v. Murphy*, 120 F. App'x 914 (3d Cir. 2005) (clearly established law precluded qualified immunity for an officer who shot an armed suspect that, during an hour-long standoff, had never pointed his gun at officers and was not in flight at the time of shooting).

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**# 91**) is **DENIED** and the Defendant's Motion to Strike (**# 105**) is **DENIED AS MOOT**. The parties shall jointly contact chambers within 14 days of this order to schedule the final pretrial conference.

**DATED** this 9th day of July, 2019.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge